IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAHMIER HARMON,** : | |
| Plaintiff, : | |
| : | |
| v. : | **CIVIL ACTION NO. 24-CV-3625** |
| : | |
| **CHESTER POLICE** : | |
| **DEPARTMENT,** *et al.*, : | |
| Defendants. : | |

## MEMORANDUM

**BEETLESTONE, J.**                                                                                   **JANUARY  21, 2025**

Plaintiff Dahmier Harmon initiated this civil action by filing a *pro se* Complaint against the Chester Police Department, unnamed Detectives, and various news outlets, purporting to bring his action pursuant to 42 U.S.C. § 1983.  (ECF No. 2.)  He seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Harmon leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice to amendment.

**I.        FACTUAL ALLEGATIONS**[1]

Harmon asserts that on August 4, 2022, his "character was defamed by Chester Police officers and Detectives, as well as Channel 3, 6, 10, and 29 News."  (Compl. at 5.)  He claims that he "received physical, mental and emotional abuse [and] talked to counselors and mental health specialist[s,] as well as orthopedic care from fighting" that had left him with a torn tendon.  (*Id.*)  He provides no other facts related to his claims.  He requests $2.5 million in money damages.  (*Id.*)

---

[1] The facts set forth in this Memorandum are taken from Harmon's Complaint (ECF No. 2).  The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

## II. STANDARD OF REVIEW

The Court will grant Harmon leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Harmon's Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogated as recognized in Fisher v. Hollingsworth*, --- F.4th ---, No. 22-2846, 2024 WL 3820969, at *4 (3d Cir. Aug. 15, 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Harmon is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "'cannot flout procedural rules—they must abide by the same rules that apply to all other litigants.'" *Id.*

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as

well as a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "Naturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* (internal quotations omitted). The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

### III.  DISCUSSION

Fundamentally, the Complaint fails to comply with Rule 8 or state a claim under § 1983 because Harmon provides no factual allegations in support of his claims. His conclusory allegation that the Defendants defamed him is insufficient to state a claim. He does not identify any discrete Defendant by name other than in the caption, instead referring to them collectively as "Defendants," nor does he tie any specific action to his alleged injuries. Accordingly, Harmon's Complaint is far too "vague and ambiguous" to proceed. *Garrett*, 938 F.3d at 94.

Even affording the Complaint the most liberal construction, Harmon fails to state a claim to relief. The Complaint indicates an intent to bring claims against the Defendants pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. (*See* Compl. at 3.) "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Harmon does not identify any person acting under color of state law who violated his rights.  He first names the Chester Police Department as a Defendant.  Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions.  *See, e.g.*, *Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993).  Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not.  *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability." (citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988))); *Hadesty v. Rush Twp. Police Dep't*, No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016).  Therefore, the Chester Police Department is not a proper defendant in this case under section 1983 and is dismissed.

Even as to the allegation that unnamed officers or detectives of the Chester Police Department defamed him, Harmon's claims fail.  An individual does not have a protected interest in reputation alone.  *See Thomas v. Independence Twp.*, 463 F.3d 285, 297 (3d Cir. 2006) (citing *Paul v. Davis*, 424 U.S. 693, 701 (1976)).  Instead, "defamation is actionable under 42 U.S.C. § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution."  *Clark v. Twp. of Falls*, 890 F.2d 611, 619 (3d Cir. 1989) (citing *Paul*, 424 U.S. at 701-12).  Therefore, a plaintiff must plead a "stigma-plus" claim in his complaint.  *See Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d

Cir. 2006) (noting that "to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest"). "Outside the public employment context, this standard generally requires an allegation that the defamation was 'coupled with an alteration in legal status.'" *Hester v. Allentown Police Dep't*, No. 13-4249, 2013 WL 4482453, at *3 (E.D. Pa. Aug. 21, 2013) (quoting *Brown v. Montoya*, 662 F.3d 1152, 1167 (10 Cir. 2011)). Harmon's conclusory allegation that his character was defamed by police officers and detectives does not satisfy this pleading standard.

As to the vaguely identified news outlets and their reporters, Harmon also fails to state a claim because they are not state actors. Whether a defendant is acting under color of state law—i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). News outlets and reporters such as those Harmon names are not state actors, so any § 1983 claims against them fail. *See Mikhaeil v. Santos*, 646 F. App'x 158, 162 (3d Cir. 2016) (*per curiam*) (newspaper and its staff members were "private actors—not state actors"); *see also Harper v.*

*Harrell*, Civ. A. No. 17-5603, 2017 WL 6594382, at *3 n.3 (E.D. Pa. Dec. 22, 2017) (concluding that the Philadelphia Daily News, Fox 29 News, and their employees could not be considered state actors liable for defamation pursuant to § 1983).

Finally, to the extent that Harmon intended to raise defamation claims under state law, the only independent basis for jurisdiction over any such claims would be 28 U.S.C. § 1332(a). This provision grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).  A corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business.  *See* 28 U.S.C. § 1332(c).  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co.*, 800 F.3d at 105 ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).  Harmon has

not raised any allegations about his citizenship or the citizenship of the parties, and it appears that all of the parties may be citizens of Pennsylvania.

IV.   **CONCLUSION**

For the foregoing reasons, the Court will grant Harmon leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for failure to comply with Rule 8 and for failure to state a claim. Harmon will be given leave to file an amended complaint in the event he can state a plausible basis for a claim. An appropriate Order follows, which provides further instruction about amendment.

**BY THE COURT:**

**S/ WENDY BEETLESTONE**
_____
**WENDY BEETLESTONE, J.**